IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 21-13489

DREAM DEFENDERS,
BLACK COLLECTIVE INC.,
CHAINLESS CHANGE INC.,
BLACK LIVES MATTER ALLIANCE BROWARD,
FLORIDA STATE CONFERENCE OF THE NAACP, et al.,

Plaintiffs-Appellees,

versus

GOVERNOR OF THE STATE OF FLORIDA,
SHERIFF OF JACKSONVILLE/DUVAL COUNTY FLORIDA,

Defendants-Appellants,

ATTORNEY GENERAL, STATE OF FLORIDA, et al.,

Defendants.

_____/


ERWIN ROSENBERG'S MOTION TO INTERVENE
TO ASK THIS COURT TO DECLARE THAT THE
SUSPENSION/DISBARMENTS THAT FLORIDA ISSUED AGANST
ROSENBERG ARE VIOLATIVE OF THE FIRST AMENDMENT AS
APPLIED TO ROSENBERG

**a,    Introduction**

Erwin Rosenberg claims an interest in this Court affirming the district court because he maintains that he has a First Amendment right to practice law and the district court's determination that the riot statute was vague and overbroad is also applicable as to vagueness to a person who wishes to engage in the practice of law by associating and advising persons who are engaged in a riot about their rights and obligations under the First Amendment and as to overbreadth as to a person who wishes to represent persons who engaged in a riot arguing that their behavior is protected by the First Amendment.

A court of appeals may allow a motion to intervene on appeal and should consider district court Rule 24's policy that the greater the interest of the movant, the more likely the motion should be granted.  See Cameron v. EMW Women's Surgical Center, PSC, 142 S. Ct. 1002, 1010 (2022)("Thus we have considered the "policies underlying intervention" in the district courts, *Automobile Workers v. Scofield*, 382 U.S. 205, 217, n. 10, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), including the legal "interest" that a party seeks to "protect" through intervention on appeal. Fed. Rule Civ. Proc. 24(a)(2)."),

**b. Argument**

Erwin Rosenberg, a person who has practiced law and would like to
continue to do so but he has received a suspension and disbarment and then
a permanent disbarment in Florida and a reciprocal suspension from the
District Court for the Southern District of Florida and reciprocal
disbarments from Massachusetts and New York.  He maintains he has a
First Amendment right to practice law and that the district court decision
correctly considers the First Amendment rights of persons but not
specifically persons who wish to practice law such as Rosenberg.

Mr. DeSantis is a proper defendant for a *Ex Parte Young* prospective and
declaratory judgment that the Florida Supreme Court suspension and
disbarments as applied to Rosenberg violate the First Amendment.  Mr.
DeSantis has the authority to order the sheriffs to enforce the criminal
statute prohibiting the unlicensed practice of law for the sake of peace and
good order .  See 14.022(3)(b)("Order any sheriff or sheriffs of this state,
pursuant to a proclamation as herein provided, to exercise fully the powers

granted them, and each of them, under s. 30.15(1)(f) (suppress tumults,
riots, and unlawful assemblies in their counties with force and strong hand
when necessary) and to do all things necessary to maintain peace and good
order.").  See also Florida Statute 454.23 ("Penalties.—Any person not
licensed or otherwise authorized to practice law in this state who practices
law in this state or holds himself or herself out to the public as qualified to
practice law in this state, or who willfully pretends to be, or willfully takes
or uses any name, title, addition, or description implying that he or she is
qualified, or recognized by law as qualified, to practice law in this state,
commits a felony of the third degree, punishable as provided in s. 775.082,
s. 775.083, or s. 775.084.").

Professional speech is considered regular speech although until recently it
was easier to argue, by comparing the licensing of nutritionsists/dietitians to
the licensing of lawyers, that licensing of professionals did not violate the
First Amendment because Casey's First Amendment holding survived
NIFLA v. Becerra, 148 S.Ct.2631 (2018).  See Del Castillo v. Secretary,
Florida Department of Health, 26 F.4th 1214, 1223 (11th Cir. February 18,
2022), *cert. denied.* renamed *Del Castillo v. Ladapo* (December 5, 2022)

("The *NIFLA* Court spoke with unmistakable clarity about the line of precedents upholding regulations of professional conduct that incidentally burden speech and another line of precedents (upholding laws compelling the disclosure of information in certain contexts): "neither line of precedents is implicated here." 138 S,Ct. at 2372.") .  Yet shortly after the Eleventh Circuit issued its Del Castillo opinion Dobbs v. Jackson Women's Health Organization, 142 S.Ct. 2228 (June 24, 2022) overruled Planned Parenthood of Southeastern Pa. v. Casey, 505 U.S. 833, 884, 112 S.Ct. 2791, 120 L.Ed.2d 674 (1992) not only because Casey reaffirmed a supposed U.S. Constitutional right to abortion, but also because Casey distorted First Amendment law.  See Dobbs v. Jackson Women's Health Organization,142 S. Ct. at 2275-2276; "The Court's abortion cases have diluted the strict standard for facial constitutional challenges.[60] . . . **And they have distorted First Amendment doctrines.**[65]" (footnotes omitted)(emphasis added).  *Rooker-Feldman* is not a bar to jurisdiction not only because this Court has jurisdiction to grant a motion to intervene but because the facts of *Feldman* are distinguishable as it was a judicial case where parties sought a waiver of a bar admission requirement; it was not a disbarment which the Supreme Court has deemed is a non-judicial activity.  See Forrester v.

<u>White</u>, 484 US 219, 228-229 (1988)("Similarly, in the same case, we held that judges acting to enforce the Bar Code would be treated like prosecutors, and thus would be amenable to suit for injunctive and declaratory relief. *Id*., at 734-737."(citing <u>Supreme Court of Va. v. Consumers Union of United States, Inc.</u>, 446 US 719 (1980).

**c. Conclusion**

Wherefore Erwin Rosenberg moves to intervene on appeal and for this Court to declare that the Florida suspension and disbarments against Rosenberg violate the First Amendment.

<u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to 11th Cir. R. 11th Cir. R. 26.1-2 CIP: Contents.(c), Movant, ERWIN ROSENBERG, files his Certificate of Interested Persons and Corporate Disclosure Statement:

DREAM DEFENDERS,

BLACK COLLECTIVE INC.,

CHAINLESS CHANGE INC.,

BLACK LIVES MATTER ALLIANCE BROWARD,

FLORIDA STATE CONFERENCE OF THE NAACP

GOVERNOR OF THE STATE OF FLORIDA,

SHERIFF OF JACKSONVILLE/DUVAL COUNTY FLORIDA

ATTORNEY GENERAL, STATE OF FLORIDA

CANADY, JUSTICE CHARLES

COURIEL, JUSTICE JOHN D.

FRANCIS, JUSTICE RENATHA

GROSSHANS, JUSTICE JAMIE R.

LABARGA, JUSTICE JORGE

MUNIZ, JUSTICE CARLOS G.

POLSTON, JUSTICE RICKY

TOMASINO, CLERK JOHN A.

SUPREME COURT OF FLORIDA

THE FLORIDA BAR

FLORIDA BOARD OF BAR EXAMINERS

ERWIN ROSENBERG

<u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE
REQUIREMENTS</u>

This motion complies with FRAP 27(d)(2)(A) as it contains 1,147 words.

This motion complies with FRAP 32(a)(5) and (6) as it is made in Times

New Roman proportional 14-point type.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 10, 2023 I served a copy of this document on

all registered persons in this case via the Court's electronic-filing system,

Respectfully Submitted,

<u>s./ Erwin Rosenberg</u>

Erwin Rosenberg
1000 West Island Blvd. # 1011
Aventura, Florida 33160

8

Tel 305-742-7065
erwinrosenberg@gmail.com