

**ASHLEY MOODY**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Office of the Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 487-0168
http://www.myfloridalegal.com

July 3, 2024

VIA CM/ECF

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

Re: Rule 28(j) Letter, *DeSantis v. Dream Defenders*, No. 21-13489

Dear Mr. Smith:

Defendant Governor DeSantis advises the Court of *FDA v. Alliance for Hippocratic Medicine*, 144 S. Ct. 1540 (2024). That decision is pertinent to whether Plaintiffs have Article III standing to obtain injunctive relief. *See Murthy v. Missouri*, 603 U.S. ___, 2024 WL 3165801, at *8 (2024) ("The plaintiff 'bears the burden of establishing standing as of the time she brought the lawsuit and maintaining it thereafter.'").

In *FDA*, the plaintiffs "express[ed] fear" that a federal law would be "interpreted" to allow enforcement against them, which would have resulted in them suffering a "conscience injury." 144 S. Ct. at 1560. But the Government "disclaimed" the interpretation, and the Supreme Court "agree[d] with the Government's view." *Id.* Because the plaintiffs' fear was based on a flawed reading of the law, the Court concluded that they had not established standing. *See id.* at 1560–61.

This case is similar. In their answer brief, Plaintiffs asserted that their members are suffering imminent injury because they are "refrain[ing] from public demonstration due to 'well-founded fears'" that HB 1 "criminalizes mere

presence at a demonstration that turns violent." DE 57 at 42–43. Defendants argued that those fears are unfounded, and that no credible threat of prosecution exists, because HB 1 "does not apply to individuals who do nothing more than participate peacefully in a protest at which others behave violently." DE 44 at 28. On certification, the Florida Supreme Court confirmed that HB 1 requires a person to "'engage in,' or at least 'intend to assist others in engaging in, violent and disorderly conduct.'" DE 89 at 25–26. "[T]he statute," the Court explained, "is not ambiguous"—"[a] peaceful protester . . . is no rioter." *Id.* at 26–28. Like in *FDA*, then, Plaintiffs' theory of standing relies on an interpretation that has been squarely rejected by the high court with the final word on the statute's meaning. Plaintiffs therefore lack standing. Their decision to refrain from public demonstration is "based on . . . fears of hypothetical future" prosecution that is not likely to occur. *Murthy*, 2024 WL 3165801, at *15.

                                          Sincerely,

                                          *Kevin A. Golembiewski*

                                          Kevin A. Golembiewski
                                          *Counsel for Governor Ron DeSantis*

cc (via CM/ECF):
All counsel of record