LDF Legal Defense Fund

Advancing racial justice since 1940

July 8, 2024

**VIA CM/ECF**

David J. Smith, Clerk of Court
U.S. Court of Appeals
Eleventh Circuit
Elbert P. Tuttle Court of Appeals Building
56 Forsyth St., N.W.
Atlanta, GA 30303

      Re:    FRAP 28(j) Response Letter - *Dream Defenders, et al. v. Governor of the State of Fla., et al.*, No. 21-13489

      Under FRAP 28(j), Plaintiffs-Appellees submit this response to Appellant-Defendant Governor DeSantis' letter regarding *FDA v. Alliance for Hippocratic Medicine*, 144 S. Ct. 1540 (2024).

      Defendant mistakenly contends that Plaintiffs no longer have Article III standing due to *FDA*'s holding and the Florida Supreme Court's certified question opinion interpreting HB 1. ECF No. 91 at 2. *FDA* merely affirmed the well-established standing principle that it is "difficult to establish" standing when a "plaintiff challenges the government's 'unlawful regulation (or lack of regulation) of someone else'" (as in *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)), but "usually easy to establish" standing when the government "require[s] or forbid[s] some action by the plaintiff" (as here). 144 S. Ct. at 1557. *FDA* did not address standing for the distinct First Amendment injuries—such as the self-censorship of plaintiffs' members—in this case.

      The Florida Supreme Court's opinion did not impact Plaintiffs standing when they brought suit, either. *See A&M Gerber Chiropractic LLC v. GEICO Gen. Insurance Co.*, 925 F.3d 1205, 1212 ("'Article III standing must be determined as of the time that the Plaintiff's complaint is filed.'"). Plaintiffs' standing "is not altered by events unfolding during litigation." *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1352 (11th Cir. 2005). Nor could it affect Plaintiffs' standing to bring their remaining (unadjudicated) claims challenging other aspects of HB1 beyond the anti-rioting provision.

      At most, the Court's answer to the certified question would go to whether Plaintiffs' First Amendment claims on appeal may continue to be maintained today. *See Schultz v. Alabama*, 42 F.4th 1298, 1319–20 (11th Cir. 2022) ("Where a plaintiff establishes standing at the time he filed his complaint but when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief, the question becomes whether the case is moot." (quotation marks and brackets omitted)). If helpful, Plaintiffs respectfully request the opportunity to submit supplemental briefing on potential mootness issues, if any, in light of the Florida Supreme Court's answer to the certified question.

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

260 Peachtree Street NW
Suite 2300
Atlanta, GA 30303

naacpldf.org
212-965-2200

Advancing racial justice
since 1940

Sincerely,

*/s/ Rachel Kleinman*
Rachel Kleinman

*Counsel for Plaintiffs*

CC (via CM/EMF): All counsel of record

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

260 Peachtree Street NW
Suite 2300
Atlanta, GA 30303

naacpldf.org
212-965-2200